UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELODY BENSON,

        Plaintiff,

v.                                                           Case No. 18-C-860

M2 PROPERTY GROUP LLC, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Melody Benson brought this action against her former employers, Defendants M2 Property Group LLC, Moraine Ridge LLC, and Willow Ridge LLC, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215 *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL). The parties settled the matter, and the court approved the settlement on March 7, 2019. Presently before the court is Plaintiff's motion for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). For the reasons stated below, the motion will be granted, but for a reduced amount.

## BACKGROUND

M2 Property is a real estate brokerage, management, and leasing company that owns Moraine Ridge, a resident care apartment complex, and Willow Ridge, a community-based residential facility. Plaintiff was employed by Defendants from November 2015 through May 4, 2018. Plaintiff filed her complaint against Defendants on June 6, 2018.

The parties eventually settled the lawsuit and filed a joint motion for settlement approval on March 6, 2019. The following day, the court approved the settlement, noting that the settlement

represents a fair and reasonable resolution of the bona fide dispute over the alleged violations. The court recognized that the only remaining issue was the reasonable amount of attorneys' fees and costs to be awarded to Plaintiff and set a briefing schedule. That issue is now fully briefed and ripe for resolution.

**ANALYSIS**

Pursuant to the FLSA, a prevailing plaintiff is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Although the FLSA does not address what it means to prevail, the Supreme Court has found that a "prevailing party" in an action brought pursuant to a fee-shifting statute is "one who has been awarded some relief by the court" and has obtained a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Board & Care Home, Inc. v. West Virginian Dep't of Health & Human Servs.*, 532 U.S. 598, 603, 605 (2001); *accord Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006) ("Though the attorney's fee provision of the FLSA does not mention 'prevailing party,' we typically cite prevailing party fee-shifting jurisprudence in FLSA cases."); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) (noting that the "FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs"). "No material alteration of the legal relationship between the parties occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other]." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

Defendants assert that Plaintiff's motion for attorneys' fees must be denied because she is not a prevailing party. They maintain that the parties entered into a settlement agreement and that it was only necessary for the court to approve the agreement to ensure a final resolution of Plaintiff's

2

FLSA allegations. Defs.' Br. at 4, Dkt. No. 32. Indeed, a settlement agreement alone does not serve as the basis for finding that a plaintiff is a prevailing party in an FLSA case. But court approval of the settlement agreement constitutes a "judicially sanctioned change in the legal relationship of the parties," such that the plaintiff is the prevailing party. *Buckhannon*, 532 U.S. at 605; *see also Almanza v. United States*, 135 Fed. Cl. 645 (Fed. Cl. 2018) (finding that plaintiffs were the prevailing party after court approved settlement agreement in FLSA action); *Dickinson v. Crabs on Deck, LLC*, No. 17-3347, 2018 WL 5026364, at *3 (D. Md. Oct. 17, 2018) ("Certainly, when a court approves a settlement agreement, 'there is [a] judicially sanctioned change in the legal relationship of the parties,' such that the plaintiff qualifies as a prevailing party."). In this case, the court issued an order approving the settlement agreement as fair and reasonable, which is required in the unique context of the FLSA, and altered the legal relationship between the parties. The court's approval of the settlement agreement is therefore sufficient to make Plaintiff the prevailing party. As the prevailing party, Plaintiff is entitled to an award of attorneys' fees and costs.

A district court calculates attorneys' fees using the "lodestar" method: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). "If necessary, the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.'" *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir.

2010) (quoting *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856–57 (7th Cir. 2009)). The plaintiff bears the burden of establishing the reasonableness of the time expended and hourly rates charged by her attorney. *See Hensley*, 461 U.S. at 437. There is nevertheless a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

Plaintiff requests an hourly rate of $350.00 for Attorneys Scott S. Luzi and David M. Potteiger of Walcheske & Luzi, LLC. A reasonable hourly rate is "'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). The party seeking the fee bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rate[s] are in line with those prevailing in the community." *Connolly*, 177 F.3d at 597. Once this burden is satisfied, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *Id.* (internal quotation marks and citations omitted). To support the rate requested, Plaintiff submitted declarations from Attorneys Larry A. Johnson and Robert M. Mihelich showing that the requested rate is in line with what is normally charged by other practitioners for similar services. *See* Johnson Decl., Dkt No. 29; Mihelich Decl., Dkt. No. 30. Although Defendants assert that Plaintiff's counsel's hourly rates of $350.00 are unreasonable, this court has approved this hourly rate for Attorneys Luzi and Potteiger in similar cases. *See, e.g.*, *Blemberg v. ARC Fire Protection LLC*, Case No. 18-cv-637 (E.D. Wis. Mar. 27, 2019); *Kapellusch v. Bold Salons LLC*, Case No. 18-cv-843 (E.D. Wis. Jan. 31, 2019); *Gerlach v. West Revenue*

4

*Generation Servs.*, Case No. 18-cv-170 (E.D. Wis. Jan. 3, 2019); *Rabetski v. Century Oaks of Appleton, Inc.*, Case No. 17-cv-1453 (E.D. Wis. June 5, 2018). The court therefore finds that the requested rate is reasonable.

Plaintiff seeks an award of attorneys' fees based on 60.6 hours of billable time dedicated to this case. Defendants assert that Plaintiff should not recover fees for time spent opposing Defendants' motion to compel Plaintiff's initial disclosure of a computation of each category of damages claimed by Plaintiff and limit the scope of discovery. Defendants filed their motion to compel over two months after Plaintiff's initial disclosures were due, requesting that the court compel Plaintiff to comply with Rule 26 and limit the scope of discovery, as the expense of further discovery outweighed any purported benefit. Defendants indicated that they had produced over 500 pages of documents in response to Plaintiff's discovery requests. Plaintiff maintained that she was unable to disclose a specific damages calculation because she did not have the requisite information to do so. But Rule 26 of the Federal Rules of Civil Procedure requires that a party provide its initial disclosures, including "a computation of each category of damages claimed by the disclosing party," based on the information then reasonably available to it. Fed. R. Civ. P. 26(a)(1)(A)(iii), (A)(1)(E). In other words, the Rule requires early disclosure of an approximation of damages to give Defendants some idea of the value of Plaintiff's claims. On this basis, the court granted the motion to the extent that Plaintiff was required to provide Defendants with supplemental Rule 26(a) disclosures. The court was not in a position to stop discovery, however, and denied Defendants' request to limit the scope of further discovery. In light of the mixed results, the court did not grant Defendants' request for fees. For the same reason, the court will not allow Plaintiff to recover fees for time spent opposing the motion, as it would be unfair to require Defendants to pay for the

unsuccessful portion of Plaintiff's opposition. Therefore, the court will not order Defendants to pay for the expenses Plaintiff incurred in opposing the motion to compel and will reduce Plaintiff's fee request by $3,325.00.

Defendants also claim that the remaining hours were not reasonably expended on the litigation. But aside from the hours related to Plaintiff opposing the motion to compel, the court concludes that the time incurred drafting the complaint, investigating the case, participating in discovery, and calculating damages was reasonably expended on the case. Contrary to Defendants' assertion, Plaintiff's complaint was not "canned" or "boilerplate," but specifically alleged the nature of her work and the provisions of the employee handbooks governing her employment. The complaint also alleged the various categories of FLSA and/or state wage law violations that Plaintiff claimed resulted in the damages she was seeking. It is true that Plaintiff failed to disclose a computation of her damages prior to the court's order directing her to do so, but as counsel explained, the amount of damages was uncertain and difficult to determine given the time periods involved and the complicated calculations required in order to provide precise answers. Having reviewed the documentary support, the court is satisfied that the hours claimed are reasonable. The lodestar amount is therefore $17,885.00 (51.1 hours multiplied by $350.00).

After calculating the lodestar, the court may, at its discretion, increase or reduce the lodestar amount by considering the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the

case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citation omitted).

Defendants assert that the court should "drastically" reduce Plaintiff's fees based on the de minimis settlement amount and Plaintiff's failure to promptly disclose her damages calculation. Plaintiff's fee request is approximately seven times the amount awarded to Plaintiff. Defendants argue that the lodestar is excessive in light of the recoveries in this case and given that the parties were able to promptly negotiate a settlement once Plaintiff disclosed her damages calculation.

The Seventh Circuit has "repeatedly rejected the notion that the fees must be calculated proportionately to damages." *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009); *see also Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d542, 545 (7th Cir. 2009) ("Because Congress wants even small violations of certain laws to be checked through private litigation and because litigation is expensive, it is no surprise that the cost to pursue a contested claim will often exceed the amount in controversy." (citation omitted)). But proportionality is one factor that may be considered by the court in adjusting the lodestar. *See Moriarty v. Svec*, 233 F.3d 955, 967–68 (7th Cir. 2000) ("[T]he district court must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award. . . . [The court's order should] evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed."); *Schlacher*, 574 F.3d at 857.

Although the FLSA does not require employees to make a demand for payment from their employer before filing a lawsuit, in assessing the reasonableness of the hours expended, the court may consider whether a paying client would have reasonably expected counsel to contact her former

7

employer before filing suit in order to assess the feasibility of a prompt settlement. *See Spegon*, 175 F.3d at 552 ("[W]hether a fee-paying client in [Plaintiff's] shoes would have expected counsel to contact [Defendant] prior to filing suit is a permissible factor for the district court to consider in determining the reasonableness of the hours subsequently expended in pursuit of the litigation."). At the same time, this case is significantly different than *Spegon* in that, unlike the defendant in that case, Defendants here did not concede liability from the outset. Indeed, even now, Defendants deny liability and contends they elected to pay only nuisance value.

Still, experienced FLSA counsel generally have a good idea what their case is worth early on. Given the high costs of litigation, it is not unreasonable to presume that a client in Plaintiff's position would expect her counsel to contact Defendants before filing suit or, at a minimum, quickly disclose to Defendants what the case is worth in its infancy to assess the likelihood of a quick settlement. The fact that the case settled soon after Plaintiff disclosed to Defendants her estimated damages strongly suggests that the case would have settled earlier had Plaintiff complied with Rule 26(a)(1) at the outset. Based upon these considerations, the court concludes that a 10% reduction from the calculated lodestar is appropriate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) ("A reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *Anderson*, 578 F.3d at 546 (noting that courts should give "increased reflection before awarding attorney's fees that are several times the amount of the actual damages"). Accordingly, the lodestar is reduced to $16,096.50.

Plaintiff also seeks $771.03 in costs. Defendants do not challenge Plaintiff's request for costs, and the court finds that the request is reasonable. In short, an award of $771.03 in costs is appropriate.

**CONCLUSION**

For these reasons, Plaintiff's motion for attorneys' fees (Dkt. No. 25) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff is awarded $16,096.50 in fees and $771.03 in costs.

**SO ORDERED** this  4th  day of June, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
